No. 22161.

JIMMIE D. RALSTON *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(423 P.2d 326)

Decided February 6, 1967.

WALTON and KRUEGER, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY,
Deputy, JAMES W. CREAMER, JR., Assistant, for defendant
in error.

*En Banc.*

PER CURIAM.

JIMMIE D. RALSTON, the plaintiff in error in these proceedings, will be referred to as petitioner, or by name. The defendant in error will be referred to as the People.

In 1957, Ralston entered a plea of guilty to a charge of statutory rape. In April of 1965, he petitioned the District Court of El Paso County for a writ of habeas corpus. He alleged that he had been denied his constitutional right to counsel since he was not provided with counsel, or advised of his right to counsel, at the time the court accepted his plea of guilty. His petition for habeas corpus relief was denied without an evidentiary hearing, and this appeal followed.

■ We hold, as we have repeatedly held, that petitioner raised no question properly justiciable in habeas corpus. *Stewart v. Tinsley*, 157 Colo. 441, 403 P.2d 220. Petitioner's remedy here is by means of a motion filed under Colo. R. Crim. P.35(b).

■ We have examined the record of Ralston's arraignment in the trial court. That record, as it stands, clearly indicates that Ralston is entitled to relief under Rule 35(b). If petitioner files a motion under Rule 35(b), we direct that the trial court grant an immediate evidentiary hearing on the petition. Unless evidence — additional to that appearing in the record now before us — is produced sufficient to satisfy the trial court that the petitioner was properly advised of his rights to counsel and intelligently waived that right, *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799, the trial court should vacate and set aside the judgment against Ralston, promptly re-arraign him, and proceed expeditiously with the disposition of the case.

The judgment is affirmed.

MR. JUSTICE McWILLIAMS not participating.